UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JAMES C. PIERSON, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | 3:11-1126 |
| ) | Judge Trauger/Brown |
| QUAD/GRAPHICS PRINTING CORP, ) | **Jury Demand** |
| QUAD/GRAPHICS, INC., QG PRINTING ) | |
| CORP., and QG LLC, ) | |
| ) | |
| Defendants ) | |

## O R D E R

A discovery issue was referred to the undersigned by Judge Trauger for resolution. A telephone conference was held with the parties in this matter on May 1, 2012. The Plaintiff filed specific requests and objections, which are set out in a document entitled Defendants' Response to Plaintiff's First Requests for Admissions which will be filed as **Exhibit 1** to this Order.

The Plaintiff's response is set out in a letter dated April 17, 2012, which will be filed as **Exhibit 2** to this Order.

The Defendants' response to the Plaintiff's request for clarification is set forth in a letter dated April 24, 2012, which will be filed as **Exhibit 3** to this Order.

The Defendants filed a document entitled Defendants' Discovery Conference Statement, which will be filed as **Exhibit 4**.

After discussion with counsel, the Magistrate Judge directs the Defendants to either admit or deny the Request for

Admission 1. From the discussion, this appears to be the one that should be admitted.

Concerning the Request for Admission 2, the Magistrate Judge believes that this is part of the settlement discussions, and as such, need not be answered.

As to Request for Admission 3, the Magistrate Judge holds that the Defendants should either admit or deny whether there was a second telephone call on November 8, 2011.

Request for Admission 4 is more complicated and difficult. It requests that the Defendants admit or deny statements purportedly made by the Defendants' in-house counsel to Plaintiff's counsel before the lawsuit was actually filed.

The parties are directed to file a brief on this issue with case citations within **seven days**. The Magistrate Judge understands that there are other discovery procedures underway concerning the subject matter of this conversation and the reasons why the Plaintiff was terminated. However, whether these conversations between attorneys are the proper subject of a request for admission or further discovery is not clear. The Plaintiff does contend that the statements made by the Defendants' in-house counsel are binding on the company and that they are in a position to either admit or deny that she made the statements as set forth in the request for admission.

In the Magistrate Judge's experience, this is a novel question and one that has significant policy implications.

2

Accordingly, the Magistrate Judge believes that briefing on this issue is necessary.

The fifth request for admission is apparently being handled through other means of discovery and no ruling was needed or requested concerning Request for Admission 5.

It is so **ORDERED**.

JOE B. BROWN
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JAMES C. PIERSON, | ) | |
| | ) | Case No. 3:11-cv-1126 |
| Plaintiff, | ) | |
| | ) | Judge Trauger |
| v. | ) | Magistrate Judge Brown |
| | ) | |
| QG, LLC, | ) | |
| | ) | Jury Demand |
| Defendant. | ) | |

## DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST REQUESTS FOR ADMISSION

Defendant QG, LLC, by its attorneys, Gonzalez Saggio & Harlan LLP, objects, answers, and responds to Plaintiff's First Requests for Admissions as set out below.

### GENERAL OBJECTIONS

1. Defendant objects to Plaintiff's Requests for Admission to the extent they seek disclosure of information protected by the attorney-client privilege and/or the work product doctrine. Unless expressly stated otherwise, Defendant's provision/production of any information that is protected from disclosure under these privileges/doctrines is inadvertent and is not intended (and should not be construed) as a waiver of these privileges/doctrines.

2. Defendant objects to Plaintiff's Requests for Admission to the extent they seek to impose on Defendant: (a) a discovery obligation on a person or entity which is not a party to this proceeding; and (b) a discovery obligation to supplement its responses beyond that imposed by the applicable rules of procedure.

3. The foregoing objections are incorporated into each of the Defendant's responses and answers set forth herein and failure to repeat those objections in any portion of the following responses and/or answers shall not be deemed a waiver thereof.

**EXHIBIT 1**

1. Admit that Dana Gruen is employed as an in-house counsel for Defendant and is not representing Defendant as counsel of record in this action.

RESPONSE: Defendant objects to this Request No. 1 on the grounds that the vagueness and indefiniteness of the language "representing" and "in this action" renders Defendant unable to discern the meaning of this language as intended by Plaintiff and therefore Defendant is unable to respond meaningfully to the Requests and unable to fully and meaningfully identify/determine all objections properly warranted by this Request. Subject to, and without waiving Defendant's General Objections and these specific objections set forth in this response, Defendant admits Dana Gruen ("Ms. Gruen") is employed by Defendant as in-house counsel, but denies all remaining allegations of Request No. 1.

2. Admit that, in response to Plaintiff's counsel's October 27, 2011, letter to Defendant inquiring as to whether it wished to discuss reinstating Plaintiff or offering him severance, Ms. Gruen called Plaintiff's counsel and communicated to him in a telephone conversation on November 8, 2011, that Defendant had no interest in reinstating Plaintiff or participating in settlement or compromise discussions with him.

RESPONSE: Defendant objects to this Request No. 2 on the grounds that it is unlikely to lead to the discovery of admissible evidence as any information that may have been exchanged between Ms. Gruen and Plaintiff's counsel in the context of compromise offers and negotiations is inadmissible under Federal Rule of Evidence 408; consequently Defendant denies same. Subject to, and without waiving Defendant's General Objections and these specific objections set forth in this response, Defendant admits on or about November 8, 2011, Ms. Gruen contacted Plaintiff's counsel by telephone in response to his request to discuss the issues

2

of severance pay or reinstatement of Plaintiff. Defendant denies all remaining allegations of Request No. 2.

3. Admit that Plaintiff's counsel called Ms. Gruen back and had a second telephone conversation with her on November 8, 2011, and specifically inquired about the reasons for which Defendant discharged Plaintiff.

**RESPONSE:** Defendant objects to this Request No. 3 on the grounds that it is unduly burdensome as it calls for speculation as Defendant cannot represent what Plaintiff's counsel did or did not say or do or the purpose of his telephone call to Ms. Gruen. Subject to, and without waiving Defendant's General Objections and these specific objections set forth in this response, Defendant admits Ms. Gruen spoke on the telephone with Plaintiff's counsel on or about November 8, 2011. Defendant denies all remaining allegations of Request No. 3.

4. Admit that, in response to Plaintiff's counsel's November 8, 2011, inquiry about the reasons for Plaintiff's discharge, Ms. Gruen communicated to him that Defendant discharged Plaintiff in part because his replacement or successor was involved in "energy procurement"; because Plaintiff was "not well-liked" and was "not a team player"; and because Plaintiff's performance was poor in that he failed or refused to perform certain aspects of his job.

**RESPONSE:** Defendant objects to this Request No. 4 on the grounds that it is unlikely to lead to the discovery of admissible evidence as any information that may have been exchanged between Ms. Gruen and Plaintiff's counsel in the context of compromise offers and negotiations is inadmissible under Federal Rule of Evidence 408; consequently Defendant denies same. Defendant furthers denies that it discharged Plaintiff because Plaintiff was "not well-

3

liked" and was "not a team player"; and because Plaintiff's performance was poor in that he failed or refused to perform certain aspects of his job. Defendant further denies that Plaintiff's position was replaced. Subject to, and without waiving Defendant's General Objections and these specific objections set forth in this response, Defendant avers Plaintiff was discharged as part of a reduction-in-force. Defendant denies all remaining allegations of Request No. 4.

5. Admit that Defendant has accepted, considered and/or heard other employees' internal appeals of their discharges after the 14-day deadline for submitting a written request for review stated in its policy concerning such appeals had passed.

RESPONSE: Defendant objects to this Request on the grounds that the vagueness and indefiniteness of the language "accepted, considered and/or heard" and "in its policy" renders Defendant unable to discern the meaning of this language as intended by Plaintiff and therefore Defendant is unable to respond meaningfully to the Requests and unable to fully and meaningfully identify/determine all objections properly warranted by this Request. Defendant further objects as this Request No. 5 does not include a temporal limitation. Subject to, and without waiving Defendant's General Objections and these specific objections set forth in this response, and construing the Request No. 5 to apply to the time period of July 2010 through August 2011, Defendant denies all allegations of Request No. 5.

4

Respectfully submitted,

GONZALEZ SAGGIO & HARLAN LLP

/s/ Bethany C. McCurdy
Bethany C. McCurdy (No. 1032817)
11 East Wisconsin Ave., Suite 1000
Milwaukee, Wisconsin 53202
Phone: 414-277-8500
Fax: 414-277-8521

-and-

/s/ Cyrus L. Booker
Cyrus L. Booker (No. 107470)
Maria E. Hall (No. 28067)
1720 West End Ave., Suite 640
Nashville, Tennessee 37203
Phone: (615) 815-1634
Fax: (615) 301-6500

*ATTORNEY FOR DEFENDANT*

## CERTIFICATE OF SERVICE

I certify that I delivered by electronic mail Defendant's Responses to Plaintiff's First Requests for Admission to Douglas B. Janney III of the Law Office of Douglas B. Janney III at doug@janneylaw.com on April 16, 2012.

_____
Cyrus L. Booker

5

# LAW OFFICE OF
# DOUGLAS B. JANNEY III

GREEN HILLS OFFICE PARK
2002 RICHARD JONES ROAD, SUITE B-200
NASHVILLE, TENNESSEE 37215

TELEPHONE (615) 742-5900
FACSIMILE (615) 742-5958
EMAIL DOUG@JANNEYLAW.COM

WWW.JANNEYLAW.COM

April 17, 2012

*Via Email (Cyrus_Booker@gshllp.com) and U.S. Mail*
Cyrus L. Booker, Esq.
Gonzalez Saggio & Harlan LLP
1720 West End Avenue
Suite 640
Nashville, TN 37203-2615

    Re: *James C. Pierson v. QG, LLC*, **U.S. District Court, Middle District of Tennessee, Case No. 3:11-cv-1126**

Dear Cyrus:

    Thank you for providing Defendant's Responses to Plaintiff's First Requests for Admission yesterday. I am writing to request that Defendant provide amended responses to Request Nos. 1-4. Its responses to these requests do not comply with Rule 36 of the Federal Rules of Civil Procedure in that we cannot determine whether Defendant is admitting, denying, or asserting lack of knowledge or information with respect to key portions of the requests. Indeed, Defendant does not admit, "specifically deny," or "state in detail why [it] cannot truthfully admit or deny" portions of these requests as required by Rule 36(a)(4). I address each response in more detail below.

    **Request No. 1:** We disagree that this request is so vague and indefinite that it "renders Defendant unable to discern the meaning of" and "unable to respond meaningfully to" it. Respectfully, the request is cast in plain English terms. Please admit or specifically deny that Dana Gruen "is not representing Defendant as counsel of record in this action" or lawsuit.

    **Request No. 2:** Thank you for admitting that Ms. Gruen contacted Plaintiff's counsel on or about November 8, 2011. Please admit or specifically deny that Ms. Gruen communicated to Plaintiff's counsel that Defendant had no interest in reinstating Plaintiff or participating in settlement or compromise discussions with him.

EXHIBIT 2

Alternatively, please state in detail why Defendant cannot truthfully admit or deny this portion of the request. If Defendant asserts lack of knowledge or information as a reason for failing to admit or deny it, please state that Defendant has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny it as required by Rule 36.

**Request No. 3:** Please admit or specifically deny that Ms. Gruen had a second telephone conversation with Plaintiff's counsel on or about November 8, 2011. Additionally, please admit or specifically deny that Plaintiff's counsel specifically asked Ms. Gruen about the reasons for which Defendant discharged Plaintiff. Alternatively, with respect to each of these portions of the request, please state in detail why Defendant cannot truthfully admit or deny it. If Defendant asserts lack of knowledge or information as a reason for failing to admit or deny it, please state that Defendant has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny it as required by Rule 36.

**Request No. 4:** This request does not ask Defendant to recite the reasons for which it now claims it discharged Plaintiff. Rather, it asks Defendant to admit that Ms. Gruen communicated to Plaintiff's counsel that Defendant discharged Plaintiff for the reasons stated in the request. Please admit or specifically deny that she did so. Alternatively, please state in detail why Defendant cannot truthfully admit or deny this portion of the request. If Defendant asserts lack of knowledge or information as a reason for failing to admit or deny it, please state that Defendant has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny it as required by Rule 36.

With respect to Defendant's assertion in its responses to Request Nos. 2 and 4 that these requests are "unlikely to lead to the discovery of admissible evidence as any information that may have been exchanged between Ms. Gruen and Plaintiff's counsel in the context of compromise offers and negotiations is inadmissible under Federal Rule of Evidence 408," please note that Rule 408 is inapplicable. As indicated in the requests, no offers of compromise were made in these conversations. Thus, there are no offers of compromise to shield and the evidence sought is not "settlement evidence." Additionally, the evidence sought will not be excluded when offered to prove anything other than the validity or amount of Plaintiff's claim. Moreover, Rule 408 is not a discovery privilege. Even if the evidence sought was not admissible at trial and could be excluded by the court on motion, it is certainly discoverable. The evidence may well be admissible for other purposes, including but not limited to impeachment, as well.

Please provide properly amended responses to Request Nos. 1-4 via email PDF by 12:00 noon on Friday, April 20, 2012. If you wish to discuss the matter please contact me. Please consider this Plaintiff's effort to confer in good faith and to attempt to resolve by agreement the issues raised above prior to contacting Judge Trauger to request her assistance in resolving them pursuant to paragraph 8 of the case management order entered in this case.

April 17, 2012
Page 3

    Best personal regards.

                                           Sincerely,

                                           Douglas B. Janney III



**GONZALEZ SAGGIO HARLAN**

April 24, 2012

**FORWARDED ELECTRONICALLY AND VIA U.S. MAIL**
Mr. Douglas B Janney III
2002 Richard Jones Road
Suite B-200
Nashville, TN 37215

    RE: **Pierson v. QG, LLC**
          USDC, Middle District of Tennessee, Case No. 3:11-cv-1126

Dear Doug:

In response to your letter dated April 17, 2012, I have reviewed our responses to Plaintiff's First Request for Admission ("the Responses").

Regarding the substance of the information provided, we stand by the Responses. We admit that Dana Gruen is employed by QG, LLC as in-house counsel, and as such she is representing QG, LLC but is obviously at this time not counsel of record (Response No. 1). We admit that on or about November 8, 2011, Ms. Gruen spoke with you by telephone in response to your request to discuss the issues of severance pay and reinstatement of Mr. Pierson (Response No. 2). We admit that Ms. Gruen spoke on the telephone with you a second time on or about November 8, 2011 (Response Nos. 3 and 4).

It is our position that the substance of the two telephone conversations related to compromise offers and negotiations, and this line of discovery may not be pursued under Rule 408 of the Federal Rules of Evidence. As indicated in Request No. 2, the very purpose of the phone calls was to discuss the possibility of reinstating the Plaintiff or offering him severance. As indicated in Request Nos. 3 and 4, there is alleged to have been further discussion regarding the reasons for the positions being taken by QG, LLC. It is our position that the mere fact that the discussions do not result in settlement or even specific offers being made, does not render Rule 408 inapplicable. Furthermore, Rule 408 expressly states that such evidence may not be used for impeachment. Finally, it is our position that such discussions between counsel for parties, attempting to discuss claims, the merits of those claims, and the possible resolution of those claims, does not render said counsel's statements subject to discovery thereby making both parties said counsel witnesses relating to the dispute.

GONZALEZ SAGGIO & HARLAN LLP
Attorneys at Law

www.gshllp.com

Nashville
1720 West End Avenue
Suite 640
Nashville, TN 37203
Tel (615) 815-1634
Fax (615) 301-6500

Atlanta, GA
Boca Raton, FL
Boston, MA
Chicago, IL
Cincinnati, OH
Cleveland, OH

Columbus, OH
Indianapolis, IN
Las Vegas, NV
Los Angeles, CA
Milwaukee, WI
New York, NY

Phoenix, AZ
Stamford, CT
Washington, D.C.
Wayne, NJ
West Des Moines, IA

Affiliated with Gonzalez, Saggio and Harlan, L.L.C. and Gonzalez Saggio Harlan LLC

Douglas B Janney III Letter
April 24, 2012
Page Two

If it would be beneficial in resolving this issue, we are willing to tweak the responses in terms of the wording of the objections stated. The substantive responses, however, would remain as indicated above.

On a related issue, once written discovery has been completed, we would like to proceed with taking the deposition of Mr. Pierson. If you are successful in your efforts to pursue this line of discovery, then we also request to take your deposition at that time as well. Specific dates can be discussed once initial Rule 26 disclosures have been served and written discovery has been completed.

Please feel free to contact me if you would like to discuss this matter further at this time.

Sincerely,

Cyrus L. Booker

xc: QG, LLC

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JAMES C. PIERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.: 3:11-1126 |
| v. ) | |
| ) | Judge Trauger |
| QG, LLC, ) | Magistrate Judge Brown |
| ) | |
| Defendant. ) | |

## DEFENDANT'S DISCOVERY CONFERENCE STATEMENT

Plaintiff's counsel has requested a discovery conference relating to the Defendant's responses to Plaintiff's Request for Admissions ("the Admissions Request"). The Admissions Request contained four questions (Request Nos. 1-4) relating to a conversation between counsel for the Plaintiff and in-house counsel for the Defendant.

Regarding the Admissions Request, the Defendant admitted that Attorney Dana Gruen is employed by QG, LLC as in-house counsel, and as such she is representing QG, LLC but is obviously at this time not counsel of record (Response No. 1). The Defendant admitted that on or about November 8, 2011, Attorney Gruen spoke with Plaintiff's counsel by telephone in response to Plaintiff's counsel's request to discuss the issues of severance pay and reinstatement of the Plaintiff (Response No. 2). The Defendant admitted that Attorney Gruen spoke on the telephone with Plaintiff's counsel a second time on or about November 8, 2011 (Response Nos. 3 and 4).

**EXHIBIT 4**

It is Defendant's position that the substance of the two telephone conversations related to compromise offers and negotiations, and that this line of discovery may not be pursued under Rule 26 and under Rule 408 of the Federal Rules of Evidence. As indicated in Request No. 2, the very purpose of the phone calls was to discuss the possibility of reinstating the Plaintiff or offering him severance. As indicated in Request Nos. 3 and 4, there is alleged to have been further discussion regarding the reasons for the positions being taken by QG, LLC.

It is Defendant's position that the mere fact that the discussions do not result in settlement or even specific offers being made, does not render Rule 408 inapplicable. Furthermore, Rule 408 expressly states that such evidence may not be used for impeachment.

Furthermore, Rule 26 permits the discovery of relevant information. "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Rules of Federal Procedure, 26(b)(1). It is Defendant's position that such discussions between counsel for parties, attempting to discuss claims, the merits of those claims, and the possible resolution of those claims, does not render said counsel's statements subject to discovery thereby making both parties said counsel witnesses relating to the dispute. The proposed line of discovery is not a request for admissible information, nor is it reasonably calculated to lead to the discovery of admissible evidence. Attorney Gruen was not involved in the decision to terminate, and/or the process of terminating, the Plaintiff. Her only information would be hearsay information, the disclosure of the content and source of which would be protected by the attorney/client privilege. Plaintiff's counsel should not be permitted to take discovery relating to said conversations between the parties' counsel, whether by request for admissions and/or by deposition.

DATED THIS THE 30TH DAY OF APRIL, 2012.

/s/ Cyrus L. Booker
Cyrus L. Booker
Maria E. Hall
GONZALEZ SAGGIO & HARLAN LLP
cyrus_booker@gshllp.com
maria_hall@gshllp.com
1720 West End Avenue
Suite 640
Nashville, TN 37203-2615
(615) 815-1634 (Office)
(615) 815-1637 (Direct Dial)
(615) 301-6500 (Fax)

-and-

Bethany C. McCurdy
GONZALEZ SAGGIO & HARLAN LLP
bethany_mccurdy@gshllp.com
225 East Michigan, Fourth Floor
Milwaukee, Wisconsin 53202
(414) 277-8500 (Office)
(414) 277-8521 (Fax)

## CERTIFICATE OF SERVICE

I hereby certify that on April 30, 2012, the undersigned forwarded a copy of the foregoing to **Douglas B. Janney, III**, Attorney for Plaintiff, 2002 Richard Jones Road, Suite B-200, Nashville, Tennessee 37215 via e-mail.

/s/Cyrus L. Booker
Cyrus L. Booker