IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JAMES C. PIERSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 3:11-cv-01126 ) Judge Trauger/Brown |
| QG, LLC, | ) ) ) |
| Defendant. | ) |

## ORDER

Plaintiff seeks a Request for Admission from Defendant, to which Defendant has objected. This dispute was referred to the Magistrate Judge on March 24, 2012. (Docket Entry 23). The Magistrate Judge conducted a telephone conference on this matter on May 1, 2012. In response to the Magistrate Judge's Order (Docket Entry 25), both parties have filed briefs on their relative positions. (Docket Entries 26, 27). For the reasons set forth below, Defendant's **objection** to the Request for Admission is **sustained**.

Plaintiff's Request for Admission at issue is No. 4, which requests Defendant admit to alleged portions of a conversation their in-house counsel, Ms. Gruen, had with Plaintiff's counsel on November 8, 2011. (Docket Entry 27). This information allegedly supports Plaintiff's theory that the reasons offered for his discharge are pretextual. Defendant argues that this conversation was made in the course of settlement or compromise negotiations and are therefore not admissible under Fed. R. Evid. 408.

Given the policy reasons surrounding settlement and compromise negotiations, it is clear

that requiring a party to admit statements made during such negotiations would have a chilling effect. The Magistrate Judge agrees with Plaintiff that the inadmissibility of evidence at trial does not necessarily bar it from discovery. *See* Fed R. Civ. P. 26(b)(1). *See also Mfg. Sys., Inc. of Milwaukee v. Computer Techn., Inc.*, 99 F.R.D. 335, 336 (D. Wis. 1983). In this case, however, the Magistrate Judge believes the information is neither relevant nor reasonably calculated to lead to admissible evidence.

Plaintiff already has knowledge of these alleged pretextual reasons offered for his discharge and can depose those individuals involved. The admission requested would not lead to admissible evidence, because Ms. Gruen, as in-house counsel, almost certainly could not disclose the source of the information obtained while advising the corporation regarding Plaintiff's discharge. To the extent that the alleged pretextual reasons are relevant or would lead to admissible evidence, a far simpler method would be to depose a witness representing the corporation pursuant to Fed. R. Civ. P. 30(b)(6). This method would avoid the settlement discussion issues entirely. Therefore, the Magistrate Judge will not order Defendant to admit or deny Request for Admission No. 4.

It is so **ORDERED**.

Entered this 23rd day of May, 2012.

_____
JOE B. BROWN
United States Magistrate Judge