IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JAMES C. PIERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:11-cv-1126 |
| ) | Judge Trauger |
| QG, LLC, ) | Magistrate Judge Brown |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM AND ORDER

Pending before the court are the plaintiff's Objections (Docket No. 29) to the Order issued by the Magistrate Judge on May 23, 2012 (Docket No. 28), which sustained the defendant's objection to the plaintiff's Request for Admission No. 4. The defendant has filed a response in opposition to the plaintiff's objections (Docket No. 30.)

## BACKGROUND

This age discrimination and retaliation suit arises out of the termination of the plaintiff, James C. Pierson, by his employer, defendant, QG, LLC ("QG"). QG employed the plaintiff as an Engineering Manager/Plant Facilities Manager at its plant in Dickson, Tennessee from March 6, 2005 until August 23, 2011. (Docket No. 33, at 2.) The plaintiff, who was 62 years old at the time the Amended Complaint was filed, alleges that QG discharged him without notice and replaced him with a 47-year-old individual who lacked his qualifications. (*Id.*) The plaintiff also alleges that QG: (1) treated him differently from similarly situated younger employees in the terms, conditions, and privileges of employment; and (2) retaliated against him for expressing his

1

concern to management that he was terminated on account of his age. (*Id.* at 2-3, 5.) He has asserted claims under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.*, and the Tennessee Human Rights Act ("THRA"), Tenn. Code Ann. § 4-21-101 *et seq.* (2011). (*Id.* at 1.)

The discovery dispute presently before the court stems from QG's responses to certain Requests for Admission propounded by the plaintiff. Those requests largely focus on two telephone conversations between the plaintiff's counsel and Dana Gruen, an in-house counsel for QG, that transpired on November 8, 2011, almost three weeks prior to the commencement of the instant action. QG has admitted that Ms. Gruen contacted the plaintiff's counsel on November 8th in response to his prior letter inquiry concerning whether the company wished to discuss the possibility of reinstating the plaintiff or offering him severance pay. (Docket No. 25, Ex. 1, ¶ 2.) A second telephone conversation between Ms. Gruen and the plaintiff's counsel occurred on the same day. (Docket No. 25, Ex. 4, at 1.)

At issue here is the fourth Request for Admission, which sought an admission from QG concerning the contents of the second telephone conversation between Ms. Gruen and the plaintiff's counsel. Specifically, it requested that QG:

> Admit that, in response to Plaintiff's counsel's November 8, 2011, inquiry about the reasons for Plaintiff's discharge, Ms. Gruen communicated to him that Defendant discharged Plaintiff in part because his replacement or successor was involved in "energy procurement[;"] because Plaintiff was "not well-liked" and was "not a team player;" and because Plaintiff's performance was poor in that he failed or refused to perform certain aspects of his job.

(Docket No. 25, Ex. 1 ¶ 4.) QG objected to this particular Request for Admission, asserting that it was unlikely to lead to the discovery of admissible evidence, since the conversations between Ms.

2

Gruen and the plaintiff's counsel were settlement discussions that are inadmissible under Federal Rule of Evidence 408. (*Id.*) QG also averred that the plaintiff was discharged from his employment as a result of a reduction-in-force. (*Id.*)

After the parties' efforts to resolve the dispute over the fourth Request for Admission proved unsuccessful, this court referred the matter to Magistrate Judge Brown for disposition on April 24, 2012. (Docket No. 23.) In an order issued on May 2, 2012, the Magistrate Judge ordered the parties to brief whether the alleged conversations between Ms. Gruen and the plaintiff's counsel during the second November 8th telephone conversation were the proper subject of discovery. (Docket No. 25, at 2.)

On May 23, 2012, the Magistrate Judge issued an order sustaining QG's objection to the plaintiff's fourth Request for Admission. (Docket No. 28.) He noted the plaintiff's reason for this request; namely, that such information supported his theory that QG's proffered reasons for discharging him were pretextual. (*Id.* at 1.) He also noted QG's position that this conversation occurred in the course of settlement or compromise negotiations and that any statements made during that conversation are thus inadmissible under Federal Rule of Evidence 408. (*Id.*) The Magistrate Judge provided the following explanation for his decision:

> Given the policy reasons surrounding settlement and compromise negotiations, it is clear that requiring a party to admit statements made during such negotiations would have a chilling effect. The Magistrate Judge agrees with Plaintiff that the inadmissibility of evidence at trial does not necessarily bar it from discovery. *See* Fed. R. Civ. P. 26(b)(1). *See also Mfg. Sys., Inc. of Milwaukee v. Computer Techn., Inc.*, 99 F.R.D. 335, 336 (D. Wis. 1983). In this case, however, the Magistrate Judge believes the information is neither relevant nor reasonably calculated to lead to admissible evidence.
>
> Plaintiff already has knowledge of these alleged pretextual reasons offered for his

> discharge and can depose those individuals involved. The admission requested would not lead to admissible evidence, because Ms. Gruen, as in-house counsel, almost certainly could not disclose the source of the information obtained while advising the corporation regarding Plaintiff's discharge. To the extent that the alleged pretextual reasons are relevant or would lead to admissible evidence, a far simpler method would be to depose a witness representing the corporation pursuant to Fed. R. Civ. P. 30(b)(6). This method would avoid the settlement discussion issues entirely. Therefore, the Magistrate Judge will not order Defendant to admit or deny Request for Admission No. 4

(*Id.* at 1-2.) On June 6, 2012, the plaintiff filed his objections to the May 23, 2012 order. (Docket No. 29.)

## **ANALYSIS**

Federal Rule of Civil Procedure 72 provides that, when a magistrate judge has decided a nondispositive pretrial matter, a party may file objections to the order. Fed. R. Civ. P. 72(a). Upon receiving such objections, the district court "must . . . modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.*; *see also* 29 U.S.C. § 636(b)(1)(A).

The plaintiff makes three specific objections to the Magistrate Judge's May 23, 2012 Order. First, he contends that the Magistrate Judge erred in finding that QG's position in objecting to the fourth Request for Admission was that the second telephone conversation between Ms. Gruen and the plaintiff's counsel involved settlement or compromise negotiations. (Docket No. 29, at 2-3.) The plaintiff next objects to the implication raised in the Magistrate Judge's May 23, 2012 Order that this telephone conversation actually contained statements made in the course of settlement negotiations. (*Id.* at 3-4.) Finally, the plaintiff objects to the Magistrate Judge's determination that the information sought by the plaintiff in his fourth Request for Admission is neither relevant nor reasonably calculated to lead to the discovery of admissible

4

evidence.  (*Id.* at 4- 11.)

The plaintiff's first objection is without merit.  As QG points out in its opposition brief, it objected to the plaintiff's fourth Request for Admission, in part, because it sought information exchanged in the course of compromise offers and negotiations, which is inadmissible under Federal Rule of Evidence 408.  (Docket No. 30, at 4.)  Moreover, in its brief responding to the Magistrate Judge's May 2, 2012 Order, QG plainly took the position that the second conversation between Ms. Gruen and the plaintiff's counsel, in which the purported reasons for the plaintiff's termination were discussed, were part of settlement negotiations.  (*See* Docket No. 26, at 2-3.)  Accordingly, this objection will be overruled.

As to the second objection, it is not entirely clear to the court whether the Magistrate Judge explicitly concluded that the communications made during the second telephone conversation between Ms. Gruen and the plaintiff's counsel involved settlement and compromise negotiations.  Nonetheless, to the extent that the May 23, 2012 Order can be read in such a manner, as the plaintiff argues here, the court believes that the limited evidentiary record at this early stage of the proceedings cannot support such a conclusion.  The May 23, 2012 Order was based on representations made by the parties' counsel in a discovery dispute telephone conference with the Magistrate Judge and their briefs.  Indeed, the Magistrate Judge was not presented with any affidavits or deposition testimony concerning the details of the second telephone conversation from which he could reliably conclude that any statements made during that conversation constituted settlement or compromise negotiations, which would very likely be inadmissible under Federal Rule of Evidence 408.  To the extent that he actually reached that conclusion, it

5

was clearly erroneous, given the limited record in this case. The plaintiff's second objection will therefore be sustained.

Finally, the plaintiff objects to the Magistrate Judge's conclusion that the information sought in the fourth Request for Admission is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Specifically, he contends that this conclusion must be set aside because it is contrary to law. (Docket No. 29, at 11.) Federal Rule of Civil Procedure 26(b)(1) provides that a party may obtain discovery regarding any nonprivileged matter that is relevant to that party's claim or defense. Fed. R. Civ. P. 26(b)(1).

The alleged statements made by Ms. Gruen to the plaintiff's counsel during the second November 8th telephone conversation concerning the reasons underlying QG's decision to terminate the plaintiff are plainly relevant to the plaintiff's age discrimination claim, as they constitute evidence of pretext. Because the alleged statements are clearly relevant, they are discoverable pursuant to Rule 26(b)(1). Accordingly, the plaintiff's third objection will also be sustained.

## **CONCLUSION**

For the reasons stated herein, the plaintiff's Objections (Docket No. 29) are **OVERRULED** in part and **SUSTAINED** in part. In particular, the plaintiff's first objection is **OVERRULED**, while his second and third objections are **SUSTAINED**. The defendant shall admit or deny the plaintiff's Fourth Request for Admission within ten (10) days of the date of this order.

It is so Ordered.

6

Enter this 10th day of August 2012.

_____
ALETA A. TRAUGER
United States District Judge